IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **HWY 67 DEALERSHIP JV**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-00784-L** |
| § | |
| § | |
| **DEPOSITORS INSURANCE** § | |
| **COMPANY**, § | |
| Defendant. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("Report") (Doc. 179) was entered on June 17, 2024, recommending that the court deny Defendant Depositors Insurance Company's ("Defendant") Renewed Motion to Strike or Limit Plaintiff Hwy67 Dealership JV's ("Plaintiff") Retained Expert Jeff Seaton ("Motion to Strike") (Doc. 138); grant in part and deny in part Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion") (Doc. 135); and deny Defendant's Motion for Summary Judgment, and in the Alternative, Motion to Set Aside Appraisal Award ("Defendant's Motion") (Doc. 141). On July 1, 2024, Defendant filed Objections (Doc. 180) to the Report. Plaintiff did not file objections to the Report, but on July 10, 2024, it filed a Response (Doc. 181) to Defendant's Objections.

After hail damaged two of Plaintiff's commercial properties, it filed a claim with its insurer, Defendant. Doc. 172 at 6. Dissatisfied with Defendant's evaluation of the amount of losses and adjustment of claim, Plaintiff made a written demand for an appraisal of the loss, pursuant to the parties' insurance policy. *Id.* at 7 ("If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss."). Defendant and Plaintiff's appraisers were unable to reach an agreement, so Judge Lowe of the 236th District of Tarrant County, Texas appointed an

umpire. *Id.* The umpire signed an appraisal award; however, Defendant failed to pay the full amount awarded. *Id.* at 8-9. Therefore, Plaintiff filed this action alleging (1) breach of contract; (2) violation of the Texas Prompt Payment of Claims Act ("TPPCA"); (3) violation of Texas Insurance Code Chapter 541, Deceptive, Unfair and Prohibited Practices; (4) breach of the common law duty of good faith and fair dealings; and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* at 12-17.

Plaintiff moves for summary judgment on its breach of contract and TPPCA claim, and Defendant's affirmative defense that "the appraisal award does not establish liability under the policy and the award is void or without effect and should be set aside." *See* Doc. 173 at 25. Defendant moves for summary judgment on all of Plaintiff's claims and, alternatively, moves to set aside the appraisal award. Defendant also moves to strike or limit Plaintiff's Retained Expert Jeff Seaton. As stated, the Report recommends that the court deny Defendant's Motion to Strike, deny summary judgment on Plaintiff's claims, and grant summary judgment in Plaintiff's favor on Defendant's affirmative defense.

First, Defendant objects to the Report's recommendation that the court deny its Motion to Strike. The court reviews the Report's conclusion under the "clearly erroneous or contrary to law" standard, because the Motion to Strike is non-dispositive. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Defendant's objection largely reasserts the same arguments it made in its motion; although, it also argues that the Report "fails to analyze the correct standard for untimely amendment of expert disclosures, which favors exclusion." Doc. 180 at 9. In response, Plaintiff argues that Defendant

**Order – Page 2**

fails to identify the specific findings and conclusions that are clearly erroneous, realleges that same argument, and does address the correct standard. Doc. 181 at 9-10. The court agrees with Plaintiff and **overrules** Defendant's objection.

The Report correctly concludes that the expert's report "does not comply with Rule 26(a)(2)(B)(ii), (iv), (v), and (vi)." Report 19. The magistrate judge, however, in her discretion determined that "it should impose a sanction less drastic than complete exclusion of [the] expert['s] testimony" and ordered him to "provide a supplemental report or declaration that fills the gaps in his initial expert report and fully complies with all requirements of Rule 26(a)(2)(B)." *Id.* at 20. In reaching this decision, the Report explicitly states:

> In deciding whether exclusion is appropriate, the Court has considered four factors: "(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (quotation omitted).

*Id.* at 20 n.6. As these are the precise factors he Report considered, Defendant's objection to the Report's recommendation regarding the Motion to Strike is **overruled**.

Second, Defendant objects to the Report's recommendation that "the corrected appraisal dated September 15, 2021[,] is valid and enforceable," and its recommendation to deny Defendant's Motion. Defendant again restates the same arguments it made in its Motion and briefs. Similar to its objections to the Motion to Strike, Defendant fails to identify the specific findings and conclusions that are clearly erroneous. Accordingly, Defendant's remaining objections are **overruled**.

Having considered the motions, briefs, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court. Accordingly, the court **denies** Defendant's Motion to Strike

Order – Page 3

(Doc. 138); **grants in part and denies in part** Plaintiff's Motion (Doc. 135); and **denies** Defendant's Motion (Doc. 141).

**Given the court's ruling, it strongly encourages the parties to consider an expeditious resolution of the pending claims without the necessity of court intervention. The court notes that this is not an "open-and-shut" case for either side. As the court has made its definitive rulings, the parties are in a superior position to revisit their relative strengths and weaknesses regarding the remaining claim. The court directs the parties to inform it in writing no later than August 5, 2024, whether they can resolve this action without further court involvement. If the parties cannot resolve this action without a trial, the court directs them to inform it in writing of three separate months, starting in March of 2025**[*]**, of their availability for the trial of this action, and inform the court of the estimated length of time to try this action if necessary. The parties are not to offer back-to-back months for a possible trial of this action. The court will enter an amended scheduling order resetting the trial of this action and other pretrial deadlines if a trial is necessary.**

**It is so ordered** this 22nd day of July, 2024.

Sam A. Lindsay
United States District Judge

---

[*] As a reminder, the parties still have the option to consent to trial before Magistrate Judge Rebecca Rutherford. A magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the court of appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to Judge Rutherford to conduct all further proceedings, including any trial, and the entry of a final judgment, in accordance with 28 U.S.C. § 636(c), and the magistrate judge will specially set the case for trial.

**Order – Page 4**